No. 20,275.

## G. W. RULL, *Appellee*, v. J. M. RAINEY, *Appellant*.

### SYLLABUS BY THE COURT.

LANDLORD AND TENANT—*Covenant in Lease—Landlord to Remove Personal Property—Breach—Special Damages—Pleadings—Plaintiff Relieved from Duty to Lessen Damages.* In an action by a tenant against his landlord to recover for breach of a covenant in a farm lease by which the landlord agreed to remove his personal property from the leased premises, held:

(1) Special damages, which may be the natural and contemplated result of the breach of such a covenant, may be recovered where the plaintiff pleads the facts upon which he bases his right to recover such damages.

(2) A petition, which after setting forth the covenant relied upon, alleged that defendant had wholly neglected and refused to remove certain feed in one of the silos upon the leased premises whereby plaintiff had been deprived of its use, although he had sufficient feed to fill the same and enhance its value, on account of which plaintiff claimed damages in the sum of $500, sufficiently alleged the facts on which to base a claim for special damages.

(3) The evidence was sufficient to sustain a verdict and judgment for special damages.

(4) Under the facts stated in the opinion, evidence of a threat by the defendant that if plaintiff removed defendant's feed he would make trouble for the plaintiff, absolved plaintiff from any obligation to attempt to lessen his damages by removing or causing to be removed the old feed at his own expense.

Appeal from Saline district court; DALLAS GROVER, judge. Opinion filed November 11, 1916. Affirmed.

*David Ritchie,* and *G. A. Spencer,* both of Salina, for the appellant.

*C. W. Burch, B. I. Litowich,* and *LaRue Royce,* all of Salina, for the appellee.

The opinion of the court was delivered by

PORTER, J.:   The defendant leased the plaintiff a farm of 320 acres in McPherson county for a period of one year from March 1, 1914, and agreed that he would "remove from said premises any personal property which he may have there." Alleging that the defendant had failed and neglected to remove the ensilage from a silo on the premises, the plaintiff

brought this action to recover damages alleged to have been sustained by the defendant's neglect in this respect. The jury returned a verdict awarding damages to the plaintiff in the sum of $373.75. Upon the verdict judgment was rendered, from which defendant appeals.

1. It is claimed that the verdict and judgment are based upon an erroneous measure of damages. The defendant relies upon the general rule that on a breach of covenant by the landlord to make repairs the measure of damages is the difference between the rental value of the premises as they were and what they would have been had the premises been kept in repair, having in view the purpose for which the premises were to be used. (*Miller v. Sullivan,* 77 Kan. 252, 94 Pac. 266.) The defendant concedes that special damages may be the natural and contemplated result of a breach of a contract to repair or make improvements, but insists that before plaintiff can recover special damages he must plead the facts upon which he intends to rely, and that plaintiff failed to allege the facts which gave him the right to introduce evidence of damages, except under the general rule above referred to. The petition alleged that:

"The defendant has wholly neglected and refused to remove certain feed in one of the silos upon said real estate whereby the plaintiff has been wholly deprived of its use and although he had sufficient green feed to fill the same and enhance its value, the defendant refused to empty said silo, and threatened that he would sue the plaintiff for damages if plaintiff removed defendant's feed from said silo, on account of which the plaintiff has been damaged in the sum of $500."

We think the plaintiff sufficiently alleged the facts upon which he based a claim for special damages. The petition alleges defendant's refusal to remove the old feed from the silo, "whereby the plaintiff has been deprived of its use." It is then alleged that plaintiff had sufficient feed to fill the silo and enhance its value, and that defendant's failure to place the silo in such condition that plaintiff could use it caused plaintiff damages in a certain sum.

2. The plaintiff's evidence as to the special damages was substantially this: The capacity of the silo was 120 tons. The defendant left it two-thirds full of old ensilage. The plaintiff had 110 acres of growing corn, and expected to fill the silo to its full capacity. If he had put new ensilage on top of the old it would have spoiled the new. Testimony was offered that

Rull v. Rainey.

plaintiff's corn would yield about thirty bushels to the acre, and would have made six or eight tons of ensilage to the acre. His proof showed the cost of cutting and storing, and there was evidence of the market value of such ensilage in the neighborhood at the time. This was sufficient to sustain the judgment. The defendant could hardly have been surprised by the character of the evidence, since the petition stated the amount of damages sought to be recovered, and notified him that proof would be offered to show that plaintiff had sufficient feed to fill the silo and enhance its value.

3. Over the defendant's objections the plaintiff was permitted to testify that he had made an agreement with a third party to feed two hundred head of cattle, and had intended to use the ensilage for that purpose. It is insisted that there was nothing in the pleading to apprise defendant that plaintiff would testify to such an agreement, and further, that it was not contemplated in the lease that plaintiff had any intention to take cattle to winter and feed on the premises. We think there was no error in the admission of this testimony for the purpose of showing that plaintiff not only had corn to fill the silo, but also that he intended to fill it and had a use for the ensilage. He neither asked nor was allowed damages for having to repudiate the agreement to feed the cattle. The evidence was admitted merely as a circumstance to show that the plaintiff had a market there for the ensilage he intended to make by the use of the silo. Nothing in the nature of speculative damages was proved or allowed.

4. The petition alleged that the reason plaintiff did not himself put the silo in condition for use was that the defendant threatened to sue the plaintiff for damages if plaintiff removed defendant's feed from the silo. The evidence was that defendant said: "Rull had better not undertake to throw the old silage out or he would make it a dear job for him," and that plaintiff was so informed. We think this was sufficient notice to plaintiff that he could expect trouble if he removed the old feed. We do not regard the slight variance between the proof and the allegations as material. Evidently the plaintiff construed the defendant's language as a threat to sue him for damages in case he removed the feed. The defendant was a witness, and did not deny that he made the statement, nor did

he attempt any explanation of his language. The dog in the manger would neither eat hay nor allow the horse to eat it. The defendant would neither remove the old feed from the silo, as he had stipulated to do, nor would he permit the plaintiff to remove it. 'Defendant insists that the feed in the silo was decayed and rotten, and further that plaintiff might have removed it at a slight cost. The defendant testified that it was placed in the silo in October, 1912; further, that when feed is placed in a silo, a mould or seal forms on the top, affording protection from the air and preserving the feed. The evidence does not support the contention that the feed in the silo belonging to the defendant was decayed and of no value. Besides defendant's threat to make trouble for plaintiff, if the latter removed it, absolved plaintiff from the duty to attempt to lessen his damages by clearing out the silo at his own expense, so that the rule that where one has been injured by the fault of another he "will not be permitted to recover damages which he might have averted by reasonable diligence" (*Atkinson v. Kirkpatrick,* 90 Kan. 515, 519, 135 Pac. 579) has no application to the circumstances here.

The judgment is affirmed.